**LEWIS BRISBOIS BISGAARD & SMITH** LLP
BRIAN C. VANDERHOOF, SB# 248511
  E-Mail: Brian.Vanderhoof@lewisbrisbois.com
JONATHAN WON, SB# 293910
  E-Mail: Jonathan.Won@lewisbrisbois.com
45 Fremont Street, Suite 3000
San Francisco, California 94105
Telephone: 213.680.5064
Facsimile: 213.250.7900

Attorneys for Defendant FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RAMIREZ, an individual; LAURA SERRANO, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> FORD MOTOR COMPANY, A Delaware Corporation; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. <br><br> **DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL** <br><br> Superior Court Action: CVRI2204911 <br><br> Trial Date:     None Set |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Ford Motor Company ("Ford"), by its counsel LEWIS BRISBOIS BISGAARD & SMITH, LLP, hereby removes to this court, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441(a), 28 U.S.C. § 1446(b), and 28 U.S.C. § 1367(a), based on federal question jurisdiction. In support of removal, Ford states as follows:

## THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Riverside by Plaintiffs Carlos Ramirez and Laura Serrano,

1  against Ford Motor Company ("Ford"), entitled Carlos Ramirez and Laura Serrano v. Ford Motor Company, Case No. CVRI2204911 (the "State Action").

2.  Plaintiffs filed the State Action on November 9, 2022, asserting breach of warranty allegations, federal Magnuson-Moss Warranty Act, and fraud against Ford .

## PROCEDURAL REQUIREMENTS

3.  Ford has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a copy of the Complaint on November 28, 2022. This Notice of Removal is therefore timely filed.

4.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Ford's possession are contained in **Exhibit A** to the Declaration of Jonathan Won ("Won Decl.") filed herewith.

5.  Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the removed action has been pending.

6.  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Riverside promptly after filing of same in this Court.

7.  Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

8.  Consistent with Congress' intent that parties may amend allegations of jurisdiction if they are questioned, *see* 28 U.S.C. § 1653, this Court should not *sua sponte* remand this action, *see Shockley v. Jones*, 823 F.2d 1068, 1072–73 (7th Cir. 1987) ("This court has noted that *sua sponte* dismissals without prior notice or opportunity to be heard are 'hazardous' …. A dismissal under Rule 12(b)(1) without notice or a hearing is similarly suspect."). Thus, if any question arises as to the

propriety of this removal, Ford requests the opportunity to amend its notice of removal following any necessary discovery, briefing, and oral argument.

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), (viii) the right to arbitrate this controversy, or (ix) any other procedural or substantive defense available under state or federal law.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

10. The amount in controversy requirement under the Magnuson-Moss Warranty Act (15 U.S.C. § 2310(d)(3)(B)) is $50,000, exclusive of interest and costs. Here, the amount in controversy requirement is met.

11. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

12. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance

1  of the evidence, whether the amount-in-controversy requirement has been satisfied."
2  *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery
3  relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691
4  (internal citation omitted).

5      13.     Ford disputes that it is liable for any damages whatsoever to Plaintiffs.
6  Nevertheless, Ford can demonstrate that the amount in controversy exceeds $50,000
7  under the "preponderance of the evidence" standard. *See Guglielmino v. McKee*
8  *Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the
9  removing party present evidence that "it is more likely than not" that the amount in
10 controversy is satisfied. *Id*.

11     14.     In the case at bar, the Plaintiffs seek both rescission of the subject vehicle
12 and monetary relief. This is a consumer warranty action involving allegations that
13 Ford's vehicle did not perform as warranted. Plaintiffs allege breach of express and
14 implied warranties under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code
15 § 1790 et seq.) (Compl. ¶¶ 89-109), breach of express warranty under the California
16 Commercial Code (Compl. ¶¶ 110-117), fraudulent concealment (Compl. ¶¶ 131-
17 139), and Magnuson-Moss Warranty Act. Act (15 U.S.C. § 2301, et seq.) (Compl. ¶¶
18 118-130) against Ford.

19     15.     Plaintiffs allege that on or about April 3, 2021, they purchased a 2018
20 Ford Escape, and that the Vehicle "had defects, malfunctions, misadjustments, and/or
21 nonconformities covered by the warranty…" which "substantially impaired its value,
22 use, and safety to Plaintiffs." (Compl. ¶¶ 5, 101). Plaintiffs allege that Ford "failed to
23 conform the vehicle to the applicable warranties…even after a reasonable number of
24 repair attempts…" (Compl. ¶ 12).

25     16.     Plaintiffs allege that they are entitled to relief under the Song-Beverly
26 Act, California Commercial Code, and Magnuson-Moss Warranty Act as follows:
27 replacement or restitution, incidental damages, consequential damages, a civil penalty
28 as provided in the Song-Beverly Act in an amount not to exceed two times the amount

of Plaintiffs' actual damages, and punitive damages, among others. (Compl. at Prayer for Relief, Compl. ¶¶ 95-99, 106-109, 117, 127-130).

17. Civil penalties under the Song-Beverly Act are properly included in the calculation. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). The amount in controversy also includes reasonable estimates of attorney's fees. *Id.* at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

18. The Song-Beverly Act and Magnuson-Moss Warranty Act allow for the recovery of attorney's fees, which regularly exceed $75,000 when litigated through trial. (Declaration of Brian Vanderhoof "Vanderhoof Decl.", ¶ 5, filed concurrently herewith).

19. If Plaintiffs were to prevail on their Song-Beverly claims, they could be awarded damages of $50,000 or more if awarded statutory civil penalties. Even before taking attorneys' fees into account, Plaintiffs' Complaint alleges that actual damages alone are $28,668.80, not including civil penalties. (Compl. ¶ 5). A two-times civil penalty based on Plaintiffs' alleged damages equals $57,337.60 and would result in a total amount in controversy of $86,006.40. Moreover, the amount in controversy is satisfied even if the Court were to consider the mileage off-set allowed by Song-Beverly. Ford is aware that the subject vehicle was last presented for a warranty repair after purchase by Plaintiffs at 48,785 miles. (Won Decl. ¶ 9, **Exhibit B**). If the trier of fact were to determine that the first warranty repair for the problem that rendered the subject vehicle an alleged lemon was at 48,785 miles, based on the actual damages of $28,668.80 noted in Plaintiffs' Complaint, the mileage off-set would be at most $5,950.92, resulting in a buyback amount of $22,717.88 plus a potential civil penalty of no more than $45,435.76 for a total amount in controversy of $68,153.64.(Won Decl. ¶ 9). Even if the trier of fact determined that the last warranty repair attempt at 55,740 miles was the appropriate milage calculation, the mileage off-set would be at most $7,612.52 resulting in a buyback amount of $21,056.28 plus a civil penalty of

no more than $42,112.56 for a total amount in controversy of $63,168.84. (Won Decl. ¶ 9).

20. Thus, the total amount in controversy far exceeds $50,000 even before adding Plaintiffs' claim for statutory attorneys' fees, punitive damages, or prejudgment interest. The amount in controversy requirement is satisfied.

## FEDERAL QUESTION JURISDICTION

24. This Court has subject matter jurisdiction of this action under 28 U.S.C. §1331, and is one which may be removed to this Court by Ford pursuant to the provisions of 28 U.S.C. §1441(a) in that it is a civil action containing a cause of action "arising under the Constitution, laws, or treaties of the United States."

25. Plaintiffs allege a cause of action against Ford under the federal Magnuson-Moss Warranty Act, pursuant to 15 U.S.C. § 2301, *et seq*.

26. Plaintiffs allege that Ford violated warranties under 15 U.S.C. § 2301, *et seq*. of the Magnuson-Moss Warranty Act, alleging that Ford's actions "breach[ed] the express written warranties and implied warranties by failing to repair the defects and nonconformities…" (Compl. ¶ 125).

27. Plaintiffs' allegations for the Magnuson-Moss Warranty Act are based on the same facts as the Song-Beverly Act warranty claims and the California Commercial Code claims. (See Compl. ¶¶ 89-109, 110-117).

28. The amount in controversy requirement under the Magnuson-Moss Warranty Act (15 U.S.C. § 2310(d)(3)(B) is $50,000. The minimum amount is satisfied as explained by Ford in the section above titled "THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET."

## SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS

29. Plaintiffs' other causes of action and basis for relief asserted in this action arise out of the same set of facts and are part of the same case and controversy involving the alleged breached of the express and implied warranties under California

law (Song-Beverly Warranty Act, Cal. Code Civ. Proc. §§ 1791 *et seq.*) and California Commercial Code, by failing to repair the defects and nonconformities, or replace the vehicle (Compare Compl. ¶¶ 118-130 with ¶¶ 89-109 and ¶¶ 110-117).

30. Plaintiffs' allegation for fraudulent concealment also involve breach of warranty in failing to conform the Vehicle to the warranties, namely, the defective transmission, which largely parallels and incorporates the Magnuson-Moss Warranty Act, Commercial Code, and Song-Beverly Act allegations. (Compl. ¶¶ 131-139).

31. As such, this Court has supplemental jurisdiction of these causes of action within the meaning of 28 U.S.C. § 1367(a).

## CONCLUSION

Consequently, the State Action may be removed to this Court by Ford in accordance with the federal question provisions of of 28 U.S.C. § 1441.

DATED: December 28, 2022     LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Jonathan Won*
BRIAN C. VANDERHOOF
JONATHAN WON
Attorneys for Defendant FORD MOTOR COMPANY